UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON M. BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                                  Plaintiff,<br><br>v.<br><br>OPERA LIMITED, YAHUI ZHOU, FRODE JACOBSEN, HONGYI ZHOU, and HAN FANG,<br><br>                                                  Defendants. | Case No.  1:20-cv-00674-JGK<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEON M. BROWN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

I.#     BROWN SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 4

      A.#    Brown is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ................................................................... 5

      B.#    Brown has the "largest financial interest" in the Action......................................... 6

      C.#    Brown otherwise satisfies the Requirements of Rule 23. ....................................... 7

II.#    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED............ 9

CONCLUSION......................................................................................................................... 10#

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Staudeeel, Ltd.*, 17-CV-10085,
    2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)..............................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 89 Civ. 2931 (RPP),
    141 F.R.D. 229 (2d Cir. 1992) ..................................................................................................8

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
    2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).........................................................6

*Dookeran v. Xunlei Ltd.*, 18-CV-467 (RJS) *et al.*,
    2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018)...........................................................8

*Foley v. Transocean Ltd.*, 10 Civ. 5233 (NRB),
    272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................................8

*In re Cendant Corp. Litig.*, 00-2520
    264 F.3d 201 (3d Cir. 2001).......................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).....................................................6, 10

*In re Drexel Burnham Lambert Grp., Inc.*, 91-5092,
    960 F.2d 285 (2nd Cir. 1992).....................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*, Civ.A. 05-294-KAJ,
    233 F.R.D. 147 (D. Del. 2005) ..................................................................................................9

*In re Olsten Corp. Sec. Litig.*, 97-CV-1946 (DRH),
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
    2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ............................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*, MDL-1222,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................7

*Janbay v. Canadian Solar, Inc.*, 10 Civ. 4430 (RWS),
    272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................................8

*Kaplan v. Gelfond*, 06 Civ. 6128 (NRB),
   240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*, 12-CV-9350 (VM),
   311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................9

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
   2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ........................................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 03-CV-8264 (RWS),
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 08-CV-7422 (VM),
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ........................................................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Movant Leon M. Brown ("Brown") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Brown as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired (a) Opera American depositary shares ("ADSs") pursuant and/or traceable to the Company's initial public offering (the "IPO" or "Offering") commenced on or about July 27, 2018; and/or (b) Opera securities between July 27, 2018 and January 15, 2020 both dates inclusive (the "Class Period"); and (2) approving Brown's selection of Pomerantz LLP as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the Action alleges that Opera and certain of its officers defrauded investors in violation of the Exchange Act and the Securities Act of 1933 (the "Securities Act"). Opera investors, including Brown, incurred significant losses following the disclosure of the alleged violations, which caused the prices of Opera securities to fall sharply, damaging Brown and other investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Brown purchased 4,975 shares of Opera stock, expended $52,721 on his purchases, retained all of his shares, and suffered $16,521 in losses in connection with claims arising under the Exchange Act, and $14,271 in losses in connection with claims arising under the Securities Act.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.  Accordingly, Brown believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Brown also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Brown has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Brown respectfully requests that the Court enter an Order appointing him as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint (Dkt. No. 1), Opera was founded in 1996 and is headquartered in Oslo, Norway. Complaint ¶ 2. The Company, through its subsidiaries, provides mobile and Personal Computer ("PC") web browser applications in Ireland, Russia, and internationally, under the Opera Mini, Opera for Android, Opera Touch, and Opera for Computers brand names. *Id.*

Opera has also increasingly invested in its fintech businesses, providing mobile loan and financing applications marketed to Kenya, Nigeria, and India, under the OKash, OPesa, CashBean, and OPay brand names, which are offered on Google LLC's ("Google") Play Store marketplace, as downloadable applications. *Id.* ¶ 3.

On June 29, 2018, Opera filed a registration statement on Form F-1with the SEC in connection with the IPO (Registration No. 333-226017), which, after several amendments, was declared effective by the SEC on July 26, 2018 (the "Registration Statement"). *Id.* ¶ 4.

On July 27, 2018, Opera filed a prospectus for the IPO on Form 424B4 (the "Prospectus"), which incorporated and formed part of the Registration Statement (collectively, the "Offering Documents"). *Id.* ¶ 5. That same day, Opera's ADSs began publicly trading on the NASDAQ Global Select Market under the ticker symbol "OPRA" at the IPO price of $12.00 per ADS. *Id.*

On August 9, 2018, Opera completed its IPO, issuing 9,600,000 ADSs priced at $12.00 per share, raising approximately $115.2 million in proceeds before underwriting discounts and commissions, and other expenses. *Id.* ¶ 6.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. *Id.* ¶ 7. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Opera's sustainable growth and market opportunity for its browser applications was significantly overstated; (ii) Defendants' funded, owned, or otherwise controlled loan services applications and/or businesses relied on predatory lending practices; (iii) all the foregoing, once revealed, were reasonably likely to have a material negative impact on Opera's financial prospects, especially with respect to its lending applications' continued availability on the Google Play Store; and (iv) as a result, the Offering Documents and Defendants' statements were materially false and/or misleading and failed to state information required to be stated therein. *Id.*

On January 16, 2020, Hindenburg Research ("Hindenburg") published a report asserting that Hindenburg had "a 12-month price target of $2.60 on Opera, representing a 70% downside." *Id.* ¶ 8.  Among other issues, Hindenburg reported that Opera's "browser market share is declining rapidly, down ~30% since its IPO"; that Opera was involved in "predatory short-term loans in Africa and India, deploying deceptive 'bait and switch' tactics to lure in borrowers and charging egregious interest rates ranging from ~365-876%"; that Opera's lending business applications, many of which are offered on Google's Play Store—particularly, OKash, OPesa, CashBean, and Opay—were "in black and white violation of numerous Google rules" aimed at "curtail[ing] predatory lending"; and that consequently, Opera's entire lending business was "at risk of disappearing or being severely curtailed when Google notices" Opera's alleged violation of its rules.  *Id.*  On this news, Opera's ADS price fell $1.69 per share, or 18.74%, to close at $7.33 per share on January 16, 2020.  *Id.* ¶ 9.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.  *Id.* ¶ 11.

## ARGUMENT

### I.  BROWN SHOULD BE APPOINTED LEAD PLAINTIFF

Brown should be appointed Lead Plaintiff because, to his knowledge, Brown has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Brown satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Brown is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On January 24, 2020, counsel for plaintiff in this Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against the Defendants and which advised investors in Opera securities that they had until March 24, 2020—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice"). *See* Lieberman Decl., Ex. B. Brown has timely filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Brown satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B. Brown has the "largest financial interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Brown has the largest financial interest of any Opera investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this Judicial District. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 03-CV-8264 (RWS), 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Brown: (1) purchased 4,975 shares of Opera stock; (2) expended $52,721 on his purchases; (3) retained all of his shares; and (4) suffered $16,521 in losses in connection with claims arising under the Exchange Act, and $14,271 in losses in connection with claims arising under the Securities Act. *See* Lieberman Decl., Ex. A. To the extent that Brown

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 00-2520, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 97-CV-1946 (DRH), 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Brown otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 06 Civ. 6128 (NRB), 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, MDL-1222, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591, at *8.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham*

*Lambert Grp., Inc.*, 91-5092, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 10 Civ. 4430 (RWS), 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 89 Civ. 2931 (RPP), 141 F.R.D. 229, 238 (2d Cir. 1992)).

Brown's claims are typical of those of the Class. Brown alleges, as do all Class members, that Defendants violated the Exchange Act and Securities Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Opera. Brown, as did all members of the Class, purchased Opera securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Opera's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 10 Civ. 5233 (NRB), 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Brown has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Brown's interests and the interests of the Class. Brown has submitted a sworn Certification declaring his commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Brown demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 12-CV-9350 (VM), 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 08-CV-7422 (VM), 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, Civ.A. 05-294-KAJ, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Brown has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class

9

action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Action. Thus, the Court may be assured that by approving the selection of counsel by Brown, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Brown respectfully requests that the Court issue an Order: (1) appointing Brown as Lead Plaintiff; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated: March 24, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Leon M. Brown
and Proposed Lead Counsel for the Class*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2.D. of the Court's Individual Practices, I hereby certify that this memorandum of law contains 3,020 words and otherwise complies with the Court's formatting rules.

Dated: March 24, 2020

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman