UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON M. BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>OPERA LIMITED, YAHUI ZHOU, FRODE JACOBSEN, HONGYI ZHOU, and HAN FANG,<br><br>                              Defendants. | Civil Action No.  1:20-cv-00674-JGK<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
WILLIAM LIVEZEY FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................3

III.  ARGUMENT ........................................................................................................5

    A.    Movant Should Be Appointed Lead Plaintiff ...........................................5

        1.    Mr. Livezey's Motion is Timely ...................................................5

        2.    Mr. Livezey has the Largest Financial Interest in the Relief Sought by the Class ................................................................5

        3.    Mr. Livezey Otherwise Satisfies the Requirements of Rule 23 ..................6

    B.    The Court Should Approve Movant's Selection of Counsel ...................................8

IV.   CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ellenburg v. JA Solar Holdings Co.*,
    262 F.R.D. 262 (S.D.N.Y. 2009) (Koeltl, J.) ......................................................................6, 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................8

*In re Petrobras Sec. Litig.*,
    104 F. Supp. 3d 618 (S.D.N.Y. 2015)..................................................................................8

*Stirling v. Ollie's Bargain Outlet Holdings, Inc.*,
    2019 U.S. Dist. LEXIS 210118 (S.D.N.Y. Dec. 5, 2019) ......................................................3

## STATUTES

15 U.S.C. § 77k(e) ...........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A) ...............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................8

## OTHER AUTHORITIES

Federal Rules of Civil Procedure Rule 23 ........................................................................ *passim*

William Livezey ("Mr. Livezey" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.      INTRODUCTION

The above-captioned federal securities class action alleges that Norwegian software company Opera Limited's ("Opera" or the "Company") offering documents in connection with the Company's August 2018 initial public offering ("IPO") were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading.  The Complaint further pleads that Opera and its most senior executives made materially false and misleading statements regarding the Company's business, operational and compliance policies.  These facts give rise to claims against the Defendants under the Securities Act of 1933 and the Securities Exchange Act of 1934, both of which are governed by the PSLRA.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Livezey respectfully submits that he is the "most adequate plaintiff" under the PSLRA's provisions and should be appointed Lead Plaintiff.  Mr. Livezey believes that he has the largest financial interest in this action by virtue of its substantial investments in Opera throughout the Class Period.  Specifically, Mr. Livezey expended $47,250 purchasing 5,000 Opera shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $12,184.04.

In addition to asserting the largest financial interest in this litigation, Mr. Livezey also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.  Mr. Livezey, a solutions sales leader for a leading technology company and small business owner in the Indianapolis, Indiana area, is a sophisticated retail investor.  *See* Declaration of Lucas E. Gilmore in Support of Motion of William Livezey to Appoint Lead Plaintiff and Approve Selection of Lead Counsel, "Gilmore Decl.", Ex. A, filed herewith.  Given his financial interest and background, Mr. Livezey has both the incentive and ability to supervise and monitor counsel.  Further, Mr. Livezey fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.  *See* Gilmore Decl., Ex. A, E.

Mr. Livezey has also demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class.  Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors.  Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions, including in this District.  *See*

Gilmore Decl., Ex. D; *Stirling v. Ollie's Bargain Outlet Holdings, Inc.*, No. 19-CV-8647 (JPO),

2019 U.S. Dist. LEXIS 210118, at *2 (S.D.N.Y. Dec. 5, 2019).

Accordingly, based on Mr. Livezey's significant financial interest and his commitment

and ability to oversee this action, Mr. Livezey respectfully requests the Court appoint him as

Lead Plaintiff and otherwise grant his motion.

## II.     FACTUAL BACKGROUND

Founded in 1996 and headquartered in Oslo, Norway, Opera is a global software

company.  Cmplt., ¶28.  Opera, through its subsidiaries, provides mobile and Personal Computer

web browser applications in Ireland, Russia, and internationally, under the Opera Mini, Opera

for Android, Opera Touch, and Opera for Computers brand names.  *Id*. Opera has also

increasingly invested in its fintech businesses, providing mobile loan and financing applications

marketed to Kenya, Nigeria, and India, under the OKash, OPesa, CashBean, and OPay brand

names.  *Id*. at ¶29.  The Company's mobile loan and financing applications are offered on

Google LLCs ("Google") Play Store marketplace, as downloadable applications.  *Id*.

On August 9, 2018, Opera completed its IPO, issuing 9.6 million American Depository

Shares (ADS) priced at $12.00 per share, raising over $115 million in proceeds before

underwriting discounts and commissions, and other expenses.  Id. at ¶42.

The Complaint alleges that the August IPO offering documents were negligently

prepared and, as a result, contained material misrepresentations and omissions.  Additionally, the

Complaint alleges that between July 27, 2018 and January 15, 2020, inclusive (the "Class

Period"), Opera and other of its senior officers made materially false and misleading statements

to investors.  Specifically, the Complaint alleges that the August IPO Offering Documents and

Defendants misrepresented and/or failed to disclose that:

- Opera's sustainable growth and market opportunity for its browser applications was significantly overstated;

- Defendants funded, owned, or otherwise controlled loan services applications and/or businesses that relied on predatory lending practices; and

- All the foregoing, once revealed, were reasonably likely to have a material negative impact on Opera's financial prospects, especially with respect to its lending applications' continued availability on the Google Play Store.

*Id*. at ¶¶40, 50.

The Complaint alleges that the truth emerged on January 16, 2020, when research firm Hindenburg Research ("Hindenburg") published a scathing report about the Company.  *Id*. at ¶51.  Among other issues, Hindenburg reported that Opera's "browser market share is declining rapidly, down ~30% since its IPO"; that Opera was involved in "predatory short-term loans in Africa and India, deploying deceptive 'bait and switch' tactics to lure in borrowers and charging egregious interest rates ranging from ~365-876%"; that Opera's lending business applications, many of which are offered on Google's Play Store--particularly, OKash, OPesa, CashBean, and Opay were "in black and white violation of numerous Google rules" aimed at "curtail[ing] predatory lending"; and that consequently, Opera's entire lending business was "at risk of disappearing or being severely curtailed when Google notices" Opera's alleged violation of its rules."  *Id*.

On this news, Opera's ADS price fell $1.69 per share, or 18.74%, to close at $7.33 per share on January 16, 2020, down 40% from its IPO price.  *Id*. at ¶55.

### III.     ARGUMENT

**A.     Movant Should Be Appointed Lead Plaintiff**

Mr. Livezey should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Mr. Livezey believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.     Mr. Livezey's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On January 24, 2020, the above-captioned action was filed in this District.  The same day, a notice of pendency of the above-captioned action was published on *GlobeNewswire*, alerting investors that the deadline to seek Lead Plaintiff status is March 24, 2020.  *See* Gilmore Decl., Ex. C.  Accordingly, Mr. Livezey satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2.     Mr. Livezey has the Largest Financial Interest in the Relief Sought by the Class

"In determining which plaintiff has the greatest financial interest in the outcome of a securities litigation, courts have looked to four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered . . .".

*Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 265 (S.D.N.Y. 2009) (Koeltl, J.) (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005)).

During the Class Period, Mr. Livezey expended $47,250 purchasing 5,000 Opera shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $12,184.04. *See* Certification and Loss Charts, Gilmore Decl., Exhibits ("Ex.") A, B.[1] To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Mr. Livezey satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Mr. Livezey Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Livezey otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "The specific provisions of Rule 23 that apply to the appropriateness of an individual class representative are that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class; and ... the representative parties will fairly and adequately protect the interests of the class.'" *JA Solar Holdings Co.*, 262 F.R.D. at 267 (quoting Fed.R.Civ.P. 23(a)(3) & (4)).

---

[1] Alternatively, Movant's statutory losses under Section 11(e) of the Securities Act are $6,550. *See* Gilmore Decl., Ex. B; *see also* 15 U.S.C. § 77k(e) (the measure of each plaintiff's damages is the difference between the price paid for the security (not to exceed the price at which the securities were offered to the public—in this case $12 per share) and (1) the value thereof as of the time such suit was brought—in this case, $8.14 per share on January 24, 2020 or (2) the price at which such security was disposed of in the market before the Action was filed, or (3) the price at which such security was disposed of after the Action was filed but before judgment if such damages are less than the difference between the purchase price and the value of the security at the time of suit—$8.14).

"The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Id.*, quoting *In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029, 2009 WL 969934, at *3 (S.D.N.Y. Apr. 1, 2009). At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23]." *Id.*

Here, Mr. Livezey satisfies the typicality requirement because, just like all other proposed class members, Mr. Livezey seeks to assert claims and recover damages arising from Defendants' misrepresentations and omissions during the Class Period. Likewise, Mr. Livezey satisfies the adequacy requirement because Mr. Livezey has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. *See* Gilmore Decl., Ex. D. There is no evidence of antagonism or conflict between the Mr. Livezey's interests and the interests of the Class. Additionally, Mr. Livezey has submitted a signed Certification demonstrating the significant losses he has incurred and his sufficient interest in the outcome of this litigation, which will ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A, E. Finally, Mr. Livezey has provided a declaration affirming his understanding of the lead plaintiff's obligations and commitment to fulfilling these responsibilities and protecting the interests of the Class. *See* Gilmore Decl., Ex. E.

**B.**     **The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."  *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate.  *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests.  *See* Hagens Berman Firm Résumé, Gilmore Decl., Exhibit D.  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases.  *See* Ex. D at page 31.  Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, including in this District.  *See* Ex. D at page 32.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint

Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens

Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and

further relief as the Court may deem just and proper.

DATED:  March 24, 2020          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Jason A. Zweig*
     JASON A. ZWEIG, JZ-8107
555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff
William Livezey*

## CERTIFICATION OF COMPLIANCE

I, Jason A. Zweig, certify that this brief, according to Microsoft Word, contains 2,343 words, which includes all text, including headings, footnotes, and quotations in the word count (exclusive of the cover page, certificate of compliance, table of contents, table of authorities, and signature block), and complies with Local Civil Rule. 11.1 of the Southern District of New York, as well as with Individual Practice Rule 2.D of the Honorable John G. Koeltl.

DATED:  March 24, 2020                     Respectfully submitted,

                                          HAGENS BERMAN SOBOL SHAPIRO LLP

                                          By  */s/ Jason A. Zweig*
                                               JASON A. ZWEIG, JZ-8107
                                          555 Fifth Avenue, Suite 1700
                                          New York, NY 10017
                                          Telephone: (212) 752-5455
                                          Facsimile:  (917) 210-3980
                                          jasonz@hbsslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG
