**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LEON M. BROWN, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiff,

   v.

OPERA LIMITED, YAHUI ZHOU, FRODE JACOBSEN, HONGYI ZHOU, and HAN FANG,

                    Defendants.

Case No.: 1:20-cv-00674-JGK

Hon. John G. Koeltl

---

### MEMORANDUM OF LAW IN SUPPORT OF LILIAN LAU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL</u>

## TABLE OF CONTENTS

**Page**

I.   FACTUAL BACKGROUND ........................................................................................2

II.  PROCEDURAL HISTORY ........................................................................................5

III. ARGUMENT ...........................................................................................................5

    A.   Appointing Movant as Lead Plaintiff Is Appropriate ....................................................5

        1.   Movant Filed a Timely Motion. ................................................................6

        2.   Movant Has the Largest Financial Interest. ..............................................7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. .........................8

            a.   Movant's Claims Are Typical. ........................................................9

            b.   Movant Is an Adequate Representative. ........................................10

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate....................................10

IV.  CONCLUSION ......................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*In re Cloudera, Inc. Sec. Litig.,*
    No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750  (N.D. Cal. Dec. 16, 2019)..........11

*Deinnocentis v. Dropbox, Inc.,*
    No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)..................11

*In re Deutsche Bank AG Sec. Litig.,*
    328 F.R.D. 71 (S.D.N.Y. Oct. 2, 2018) ...................................................................................9

*Francisco v. Abengoa, S.A.,*
    No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................11

*Freudenberg v. E\*Trade Fin. Corp.,*
    No. 7-cv-8538, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ..............................8

*Isaacs v. Musk,*
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018),..........11

*Jakobsen v. Aphria, Inc.,*
    2019 U.S. Dist. LEXIS 64440 (S.D.N.Y. Mar. 27, 2019) .......................................................9

*Kuriakose v. Fed. Home. Loan. Mortg. Co.,*
    No. 08-cv-7281-JFK, 1008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)....................9

*Levin v. Res. Capital Corp.,*
    No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016).................11

*Pope v. Navient Corp.,*
    No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018) ...........11

*Robidoux v. Celani,*
    987 F.2d 931 (2d. Cir. 1993) .................................................................................................9

*Rosi v. Alcaris Therapeutics, Inc.,*
    No. 19-cv-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910 (S.D.N.Y. Nov. 6, 2019)...6, 8, 10

*Salinger v. Sarepta Therapeutics, Inc.,*
    No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019) ..........7, 9

*Stirling v. Ollie's Bargain Outlet Holdings, Inc.,*
    No. 19-cv-8647, 2019 U.S. Dist. LEXIS 210118 (S.D.N.Y. Dec. 5, 2019)..............................8

*In re Sundial Growers Inc. Sec. Litig.,*
    No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019) ............................................................11

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharms., Inc.*,
    No. 19-cv-1108 (FB)(LB), 2019 U.S. Dist. LEXIS 219527 (E.D.N.Y. May 24, 2019) .........10

*In re Tesla, Inc. Sec. Litig.*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ...........11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ..................................................................................9

*Zhang v. Valaris PLC, et al.*,
    No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ...........................................................11

## Statutes

15 U.S.C. § 77z-1(a)(3)(A)(i) .............................................................................................6

15 U.S.C. § 77z-1(a)(3)(B) ..............................................................................................1, 5

15 U.S.C. § 77z-1(a)(3)(B)(iii) .........................................................................................6, 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) ......................................................................................7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ..................................................................................8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ......................................................................................6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ...............................................................................10

15 U.S.C. § 77z-1(a)(3)(B)(v) ...........................................................................................10

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) .........................................................................................6, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ......................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...............................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................10

## Rules

FED. R. CIV. P. 23 .........................................................................................................1, 6, 8

Lilian Lau ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to appoint her as lead plaintiff and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), on behalf of a putative class of purchasers of Opera Limited ("Opera" or the "Company") securities: (a) pursuant and/or traceable to the Company's false and misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's July 2018 initial public offering ("IPO" or the "2018 Offering"); and/or (b)  between July 27, 2018 and January 15, 2020, inclusive (the "Class Period"), against Defendants Opera, Yahui Zhou (" Y. Zhou"), Frode Jacobsen ("Jacobsen"), Hongyi Zhou ("H. Zhou"), and Han Fang ("Fang") (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members.  The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff.  Movant believes that she is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation.  Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class.  In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in

securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.      FACTUAL BACKGROUND[1]

Opera was founded in 1996 and is headquartered in Oslo, Norway.  ¶ 2.  The Company is a Cayman Islands corporation, with principal executive offices located at Gjerdrums vei 19, 0484 Oslo, Norway. ¶ 17. Opera securities trade in an efficient market on the National Association of Securities Dealers Automated Quotations System ("NASDAQ") under the ticker symbol "OPRA." *Id*.

The Company, through its subsidiaries, provides mobile and Personal Computer ("PC") web browser applications in Ireland, Russia, and internationally, under the Opera Mini, Opera for Android, Opera Touch, and Opera for Computers brand names. *Id*.  Opera has also increasingly invested in its fintech businesses, providing mobile loan and financing applications marketed to Kenya, Nigeria, and India, under the OKash, OPesa, CashBean, and OPay brand names, which are offered on Google LLC's ("Google") Play Store marketplace, as downloadable applications. ¶ 3. These applications are provided either through direct- or subsidiary-owned entities, or joint ventures with so-called "associates" controlled by the Company's CEO and Chairman, Defendant Y. Zhou, who the Company acknowledges in its SEC filings also controls Opera. ¶ 29.

On June 29, 2018, Opera filed the Registration Statement with the SEC, which was declared effective on July 26, 2018. ¶ 30. On July 27, 2018, Opera filed the Prospectus with the SEC, which incorporated and formed part of the Registration Statement. On that same day, Opera's

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Brown* Complaint") filed in the *Brown* Action.  Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Brown* Complaint.  The facts set forth in the *Brown* Complaint are incorporated herein by reference.

ADSs began publicly trading on the NASDAQ under the ticker symbol "OPRA" at the Offering price of $12.00 per ADS. ¶ 31. July 27, 2018 is also the start of the Class Period.

The Offering Documents extensively touted both the market opportunity and the current user base for Opera's mobile and PC browsing applications. ¶ 32. In discussing the number of Opera's mobile browsing users, the Prospectus touted that the "Opera Mini and Opera for Android user base reached 264.3 million average MAUs in the first quarter of 2018, of which 182.0 million were smartphone users and 82.3 million were feature phone users," and that the Company's "smartphone user base continues to grow rapidly throughout the world." ¶ 34. When discussing marketing and distribution, the Prospectus touted that Opera's "main source of marketing for [its] products and services is 'word-of-mouth' from our large user base," while noting that, "[d]uring the three months ended March 31, 2018, organic installs represented approximately 69.7% of [the Company's] new smartphone users." ¶ 36.

Additionally, the Prospectus downplayed Opera's competition from other large browsing application providers—including Google's Chrome browser, Apple Inc.'s Safari browser, and Microsoft Corporation's Internet Explorer and Edge browsers—by stressing how, "[u]nlike . . . other large competitors, we primarily focus on key growth markets outside North America, which enables us to integrate unique content to local Opera News users via our evolving algorithm," and touting the Company's strong foothold in Africa, South Asia, Southeast Asia, and Europe. ¶ 37.

Nonetheless, the Prospectus provided only vague descriptions of Opera-affiliated entities providing financial services. For example, with respect to Opesa, the Prospectus merely noted the existence of a subsidiary named Opesa South Africa (Pty) Limited, which is briefly described as "our wholly owned subsidiary established in South Africa on March 15, 2017, [which] is an operating entity that employs our staff in South Africa and engages in local collections and

monetization." ¶ 38. The Prospectus described Opay in a similar manner, referring to an entity called Opay Digital Services Limited (HK) ("Opay Digital"). ¶ 39.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Opera's sustainable growth and market opportunity for its browser applications was significantly overstated; (ii) Defendants' funded, owned, or otherwise controlled loan services applications and/or businesses relied on predatory lending practices; (iii) all the foregoing, once revealed, were reasonably likely to have a material negative impact on Opera's financial prospects, especially with respect to its lending applications' continued availability on the Google Play Store; and (iv) as a result, the Offering Documents and Defendants' statements were materially false and/or misleading and failed to state information required to be stated therein. ¶ 7.

On January 16, 2020, Hindenburg Research ("Hindenburg") published a report asserting that Hindenburg had "a 12-month price target of $2.60 on Opera, representing a 70% downside." ¶ 8. Among other issues, Hindenburg reported that Opera's "browser market share is declining rapidly, down ~30% since its IPO"; that Opera was involved in "predatory short-term loans in Africa and India, deploying deceptive 'bait and switch' tactics to lure in borrowers and charging egregious interest rates ranging from ~365-876%"; that Opera's lending business applications, many of which are offered on Google's Play Store were "in black and white violation of numerous

Google rules" aimed at "curtail[ing] predatory lending"; and that consequently, Opera's entire lending business was "at risk of disappearing or being severely curtailed when Google notices" Opera's alleged violation of its rules. *Id.*

On this news, Opera's ADS price fell 18.74%, or $1.69 per share, to close at $7.33 per share on January 16, 2020. ¶ 55.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Leon M. Brown ("Brown") commenced the first filed action against Opera on January 24, 2020. On that same day, counsel acting on Brown's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Lilian Lau's Motion ("Hopkins Decl.").

## III.   ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B).   The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff.  Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $51,484.50[2] as a result of her transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23.  *See* Loss Chart, Ex. B to Hopkins Decl.  In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff.  *See Rosi v. Alcaris Therapeutics, Inc.*, No. 19-cv-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910, at *10 (S.D.N.Y. Nov. 6, 2019)

### 1.    Movant Filed a Timely Motion.

On January 24, 2020, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Brown published the Press Release on *Globe Newswire*—a widely

---

[2] Movant also has losses of approximately $34,609.50 pursuant to Section 11 of the Securities Act of 1933.

circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Opera ADSs pursuant and/or traceable to the Company's IPO; and/or purchasers of Opera securities between the Class Period, that they had 60 days from the publication of the January 24, 2020 notice to file a motion to be appointed as lead plaintiff.  *See* Press Release, Ex. C to Hopkins Decl.; *see also Salinger v. Sarepta Therapeutics, Inc.,* No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *3 (S.D.N.Y. Dec. 17, 2019) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Movant timely filed her motion within the 60-day period following publication of the January 24, 2020 Press Release, submitted herewith sworn certifications attesting that she is willing to serve as a representative of the Class and attaching her transactions in Opera securities. *See* Hopkins Decl., Ex. A.  By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

## 2.    Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).  At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Opera securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby.  As a result of the alleged fraud

7

against Defendants, Movant suffered an approximate loss of $51,484.50.  *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff.  Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class."  Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Rosi*, 2019 U.S. Dist. LEXIS 192910, at *8.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "a moving plaintiff [need make] only . . . a preliminary showing that the adequacy and typicality requirements have been met." *Stirling v. Ollie's Bargain Outlet Holdings, Inc.*, No. 19-cv-8647, 2019 U.S. Dist. LEXIS 210118, at *3 (S.D.N.Y. Dec. 5, 2019) (citing *Freudenberg v. E*Trade Fin. Corp.*, No. 7-cv-8538, 2008 U.S. Dist. LEXIS 62767, at *5 (S.D.N.Y. July 16, 2008)).  This determination "need not be as complete as would a similar determination for the

purpose of class certification." *Sarepta Therapeutics*, 2019 U.S. Dist. LEXIS 218248, at *7; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See In re Deutsche Bank AG Sec. Litig*., 328 F.R.D. 71, 80 (S.D.N.Y. Oct. 2, 2018).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d. Cir. 1993)); *Kuriakose v. Fed. Home. Loan. Mortg. Co.*, No. 08-cv-7281 (JFK), 1008 U.S. Dist. LEXIS 95506, at *12 (S.D.N.Y. Nov. 24, 2008) ("A lead plaintiff's claims need not be identical to the claims of the class to satisfy the typicality requirement.").

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Opera's business, operational, and compliance policies, violated the federal securities laws.  Movant, like all members of the Class, purchased Opera securities during the Class Period and/or pursuant to the IPO at prices artificially inflated by Defendants' materially false and/or misleading statements, and was damaged thereby. *Jakobsen v. Aphria, Inc.*, 2019 U.S. Dist. LEXIS 64440, at *15 (S.D.N.Y. Mar. 27, 2019) (typicality satisfied where movants purchased stock at artificially inflated prices "suffered losses" as a result).  Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

**b.      Movant Is an Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the proposed lead plaintiff has interests that are not antagonistic to other class members; and (3) the proposed lead plaintiff and class possess sufficient interest to pursue vigorous prosecution of their claims." *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharms., Inc.*, No. 19-cv-1108 (FB)(LB), 2019 U.S. Dist. LEXIS 219527, at *10 (E.D.N.Y. May 24, 2019)

Movant is an adequate representative for the Class. She is a business owner, managing her own restaurant, which is unfortunately closed due to the COVID-19 pandemic. Movant is currently residing in West Covina, California, and considers herself to be a sophisticated investor, with approximately twenty years investing experience. Movant has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Movant's financial losses ensure that she has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

**B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Rosi*, 2019 U.S. Dist. LEXIS 192910, at *11. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class's Lead Counsel in the event she is appointed as lead plaintiff. Levi

& Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors.  *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *In re Cloudera, Inc. Sec. Litig.,* No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750, at *28-29  (N.D. Cal. Dec. 16, 2019) ("The Court…is satisfied that the lead plaintiff has made a reasonable choice of counsel" when appointing Levi & Korsinsky); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm

which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant her Motion and enter an Order: (1) appointing Movant as lead plaintiff, (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: March 24, 2020                        Respectfully Submitted,

                                             **LEVI & KORSINSKY, LLP**

                                             By:  /s/ Shannon L. Hopkins
                                             Shannon L. Hopkins (SH-1887)
                                             1111 Summer Street, Suite 403
                                             Stamford, Connecticut 06905
                                             Tel. (203) 992-4523
                                             Fax: (212) 363-7500
                                             Email: shopkins@zlk.com

                                             *Lead Counsel for Movant and [Proposed]*
                                             *Lead Counsel for the Class*